UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTHONY ROBINSON, | ) |
| | ) |
|     Movant, | ) |
| | ) |
| v. | )    No. 4:23-cv-01006-AGF |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the government's motion to dismiss movant Anthony Robinson's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. (Docket No. 2). For the reasons discussed below, the Court will direct movant to file a response to the government's motion setting forth his reasons why his § 2255 motion should not be dismissed as untimely.

**Background**

Movant is a self-represented litigant who is currently incarcerated at the Federal Correctional Institution in Forrest City, Arkansas. On October 23, 2020, he pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *United States v. Robinson*, No. 4:19-cr-973-AGF (E.D. Mo.). On January 29, 2021, the Court sentenced movant to 90 months' imprisonment and two years' supervised release. He did not file an appeal.

On August 7, 2023, movant filed the instant 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence.[1] In the motion, movant argues that his conviction and sentence should be

---

[1] According to the stamped envelope containing movant's 28 U.S.C. § 2255 motion, this is the date that movant placed the motion into his prison's filing system. (Docket No. 1-1). Under the prison mailbox rule, a 28 U.S.C. § 2255 motion is deemed timely filed when an inmate deposits it in the prison mail system prior to the expiration of the filing deadline. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999).

vacated because 18 U.S.C. § 922(g)(1) is an unconstitutional violation of his rights under the Second Amendment. To support this proposition, movant relies on the Supreme Court case of *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111 (2022).

The government filed a motion to dismiss the case on August 23, 2023, arguing that the motion was time-barred by the applicable statute of limitations.

## Discussion

The government has filed a motion to dismiss movant's 28 U.S.C. § 2255 motion as time-barred. For the reasons discussed below, the Court has determined that movant's motion appears untimely. He will therefore be directed to show cause as to why the government's motion should not be granted, and his case dismissed.

**A. Statute of Limitations**

Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year limitations period. *Peden v. United States*, 914 F.3d 1151, 1152 (8th Cir. 2019). The limitations period runs from the latest of four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In practice, however, the one-year statute of limitations "usually means that a prisoner must file a motion within one year of the date on which the judgment of conviction becomes final." *Mora-Higuera v. United States*, 914 F.3d 1152, 1154 (8th Cir. 2019).

### B. Timeliness Under 28 U.S.C. § 2255(f)(1)

Pursuant to 28 U.S.C. § 2255(f)(1), the one-year limitations period runs from "the date on which the judgment of conviction becomes final." An unappealed criminal judgment becomes final when the time for filing a direct appeal expires. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008); and *Never Misses A Shot v. United States*, 413 F.3d 781, 782 (8th Cir. 2005). In a criminal case, a defendant's notice of appeal must be filed in the district court within fourteen days. Fed. R. App. P. 4(b)(1).

In this case, movant was sentenced on January 29, 2021. From that point, he had fourteen days to file an appeal, which he did not do. That fourteen-day deadline expired on February 12, 2021. On that date, movant's judgment became final. Under 28 U.S.C. § 2255(f)(1), movant had one year from February 12, 2021 to timely file his § 2255 motion. That period ended on February 14, 2022.[2] Movant did not file the instant motion until August 7, 2023, which is one year, five months, and twenty-eight days past the one-year statute of limitations deadline. Indeed, movant essentially admits as such, stating that the "timeliness of [his] motion is not in dispute," and that "[h]is motion is time barred pursuant to Section 2255(f)(1)." Therefore, the motion appears untimely under 28 U.S.C. § 2255(f)(1).

---

[2] One year from February 12, 2021 is Saturday, February 12, 2022. When the last day of the period is a "Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Accordingly, movant had until Monday, February 14, 2022, to timely file his 28 U.S.C. § 2255 motion.

### C. Timeliness Under 28 U.S.C. § 2255(f)(3)

Pursuant to 28 U.S.C. 2255(f)(3), the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." It appears that movant is attempting to make use of this section, by arguing that his right to relief stems from the United States Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111 (2022).[3]

Leaving aside the applicability of the *Bruen* decision to movant's case, the Court notes that movant is still untimely under 28 U.S.C. § 2255(f)(3). The *Bruen* case was decided on June 23, 2022. His one-year deadline to file a motion under *Bruen* expired on June 23, 2023. Movant did not file the instant motion until August 7, 2023, forty-five days after the one-year statute of limitations under § 2255(f)(3) expired. Therefore, the motion appears untimely under 28 U.S.C. § 2255(f)(3).

### D. Order to Show Cause

As discussed above, it appears that movant's 28 U.S.C. § 2255 motion is untimely, and that the government's motion to dismiss should be granted. The one-year limitations period under 28 U.S.C. § 2255(f)(1) expired over a year-and-a-half before movant file the instant motion, which movant fully acknowledges. Meanwhile, the one-year limitations period under 28 U.S.C. § 2255(f)(3) – which movant suggests is implicated by the *Bruen* decision – expired forty-five days before the filing of the instant motion. It thus appears that the government is correct, and that movant's instant motion is untimely.

---

[3] Movant also relies heavily on *Range v. Attorney General*, No. 21-2835 (3rd Cir. 2023), which was decided on June 7, 2023. This out-of-circuit decision has no relevance to the timeliness of movant's motion under 28 U.S.C. § 2255(f).

Before dismissing a case for untimeliness, however, a court must accord the movant fair notice and an opportunity to present his position. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). As such, movant will be directed to show cause as to why the government's motion to dismiss his § 2255 motion as time-barred should not be granted. Movant's response should include any grounds for equitable tolling that he believes are present. *See English v. United States*, 840 F.3d 957, 958 (8th Cir. 2016) (explaining that the statute of limitations for 28 U.S.C. § 2255 motions is not jurisdictional and is therefore subject to the doctrine of equitable tolling). Movant will be given **thirty (30) days** from the date of this order in which to submit a written response. Failure to respond will result in the granting of the government's motion and the dismissal of this action without further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall file a written show cause response within **thirty (30) days** of the date of this order, stating why the government's motion to dismiss his 28 U.S.C. § 2255 motion as time-barred should not be granted.

**IT IS FURTHER ORDERED** that if movant fails to file a written show cause response within **thirty (30) days** of the date of this order, the government's motion will be granted, and this action dismissed without further proceedings.

Dated this 22nd day of September, 2023.

AUDREY G. FLEISSIG  
UNITED STATES DISTRICT JUDGE