**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY ROBINSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | 4:23-CV-1006 AGF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file following the Court's Order to Show Cause dated September 22, 2023, ECF No. 3, and the government's Motion to Dismiss, ECF No. 2. In its Order, the Court directed movant to show cause as to why this action should not be dismissed as time barred. Movant has not filed a response, and the time for doing so has passed. For the following reasons, the Court concludes the instant action is time barred under 28 U.S.C. § 2255, and the government's Motion to Dismiss should be granted.

**Background**

On October 23, 2020, movant pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *United States v. Robinson*, No. 4:19-cr-973-AGF (E.D. Mo.). On January 29, 2021, the Court sentenced movant to 90 months' imprisonment and two years' supervised release. Movant did not appeal his conviction and sentence to the Eighth Circuit Court of Appeals.

Movant's criminal judgment became final for purposes of calculating the time for filing a motion under § 2255 when the time for filing a direct appeal expired, or February 12, 2021. *See* Fed. R. App. P. 4(b)(1). Under 28 U.S.C. § 2255(f)(1), movant had one year from February 12,

2021 to timely file his § 2255 motion. That period ended on February 14, 2022.[1] Movant did not file the instant motion until August 7, 2023, which was one year, five months, and twenty-eight days past the one-year statute of limitations deadline.[2] Movant argues his conviction and sentence should be vacated because 18 U.S.C. § 922(g)(1) is an unconstitutional violation of his rights under the Second Amendment. To support this proposition, movant relies on the Supreme Court case of *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).[3]

In response to movant's motion to vacate, the government filed a motion to dismiss. ECF No. 2. The government asserts the motion is untimely because it was filed one-year after the date his judgment of conviction became final. And, even if *Bruen* created a newly recognized right, the Supreme Court issued its opinion on June 23, 2022. Movant did not file his motion until August 14, 2023, more than a year after *Bruen* was published.

---

[1] One year from February 12, 2021 is Saturday, February 12, 2022. When the last day of the period is a "Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Accordingly, movant had until Monday, February 14, 2022, to timely file his 28 U.S.C. § 2255 motion.

[2] According to the stamped envelope containing movant's 28 U.S.C. § 2255 motion, this is the date that movant placed the motion into his prison's filing system. ECF No. 1-1. Under the prison mailbox rule, a 28 U.S.C. § 2255 motion is deemed timely filed when an inmate deposits it in the prison mail system prior to the expiration of the filing deadline. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999).

[3] In *Bruen*, the Supreme Court held unconstitutional a State of New York's penal code provision making it a crime to possess a firearm outside the home without a license, when licensing required applicants to satisfy a "proper cause" for possessing a firearm by "demonstrat[ing] a special need for self-protection distinguishable from that of the general community." 142 S. Ct. at 2123. The Supreme Court determined that all lower courts had erred in applying means-end scrutiny of statutes regulating firearms, finding that statutes regulating conduct protected by the Second Amendment are presumptively unconstitutional unless the government can show that "it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2129-30. Because the State of New York only issued public-carry licenses when an applicant demonstrated a special need for self-defense, the *Bruen* Court found "the State's licensing regime violates the Constitution." *Id.* at 2122.

**Discussion**

Pursuant to 28 U.S.C. § 2255(f), a movant has one year from the date his judgment of conviction becomes final to file a motion for writ of habeas corpus. An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. *Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment became final fourteen days after the judgment was entered on February 12, 2021. *See* Fed. R. App. Proc. 4(b)(1). Thus, the one-year period of limitations expired on February 14, 2022. Movant filed his motion to vacate on August 7, 2023

Consequently, the Court ordered movant to show cause as to why his motion should not be summarily dismissed as untimely for the reasons stated in the government's motion to dismiss. ECF No. 3. Movant's response was due on October 22, 2023. To date, he has neither complied with the Court's Order, nor sought additional time to do so. The Court cautioned him that his case would be dismissed if he failed to timely comply. Because movant has failed to respond to the Court's Order to Show Cause, he has failed to provide any support as to why his untimeliness should be excused.

Within his § 2255 motion, movant admits this action is time barred pursuant to § 2255(f)(1). *See* ECF No. 1 at 10. He argues, however, that his untimeliness should be excused because he is actually innocent in light of *Bruen* and *Range v. Att'y Gen.,* 69 F.4th 96 (3d. Cir. 2023), which found § 922(g) unconstitutional as applied to certain predicate felony convictions.

However, following *Bruen*, the Eighth Circuit concluded that the felon-in-possession statute was constitutional, and there was "no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." *See United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023),

3

*petition for reh'g and reh'g en banc denied*, No. 22-2870, 2023 WL 5605618 (8th Cir. Aug. 30, 2023); *see also United States v. Voelz*, 66 F.4th 1155, 1164 (8th Cir. 2023). The Court of Appeals found that nothing in the Supreme Court's decision recognizing an individual right to keep and bear arms "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008). Thus, not only is movant's brief untimely under *Bruen*, but the Eighth Circuit has indicated that following *Bruen*, the felon-in-possession statute is constitutional and should be upheld. Despite movant's arguments otherwise, the Third Circuit decision in *Range* has no applicability to the timeliness of movant's motion under 28 U.S.C. § 2255(f).

For the above stated reasons, this Court must dismiss movant's § 2255 motion for both untimeliness and failure to respond to this Court's Order to Show Cause. Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief. A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006).

Accordingly,

**IT IS HEREBY ORDERED** that the United States of America's Motion to Dismiss [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED**  that movant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence is **DENIED AND DISMISSED** as time barred. Rule 4 of the Rules Governing Habeas Corpus Proceedings.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability. *See* 28 U.S.C. § 2253.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 31st day of October, 2023.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

5