# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY ROBINSON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | 4:23-CV-1006 AGF |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This closed matter is before the Court upon Movant Anthony Robinson's filing titled, "Motion Showing Cause for Equitable Tolling." ECF No. 7. For the following reasons, the Court will decline to reopen this action.

### Background

On October 23, 2020, movant pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *United States v. Robinson*, No. 4:19-cr-973-AGF (E.D. Mo.). On January 29, 2021, the Court sentenced movant to 90 months' imprisonment and two years' supervised release. Movant did not appeal his conviction and sentence to the Eighth Circuit Court of Appeals.

Movant's criminal judgment became final for purposes of calculating the time for filing a motion under § 2255 when the time for filing a direct appeal expired, or February 12, 2021. *See* Fed. R. App. P. 4(b)(1). Under 28 U.S.C. § 2255(f)(1), movant had one year from February 12, 2021 to timely file his § 2255 motion. That period ended on February 14, 2022.[1]

---

[1] One year from February 12, 2021 is Saturday, February 12, 2022. When the last day of the period is a "Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Accordingly, movant had until Monday, February 14, 2022, to timely file his 28 U.S.C. § 2255 motion.

This case was initiated on August 7, 2023 when movant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2225. ECF No. 1. The motion was one year, five months, and twenty-eight days past the one-year statute of limitations deadline.[2] Movant argued his conviction and sentence should be vacated because 18 U.S.C. § 922(g)(1) is an unconstitutional violation of his rights under the Second Amendment. To support this proposition, movant relied on the Supreme Court case of *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).[3]

In response to movant's motion to vacate, the government filed a motion to dismiss. ECF No. 2. The government argued that the motion to vacate was untimely because it was filed one-year after the date his judgment of conviction became final. And, even if *Bruen* created a newly recognized right, the Supreme Court issued its opinion on June 23, 2022. Movant did not file his motion until August 14, 2023, more than a year after *Bruen* was published.

On September 22, 2023, the Court issued an Order to Show Cause, directing movant to show cause as to why this action should not be dismissed as time barred. ECF No. 3. Movant's

---

[2] According to the stamped envelope containing movant's 28 U.S.C. § 2255 motion, this is the date that movant placed the motion into his prison's filing system. ECF No. 1-1. Under the prison mailbox rule, a 28 U.S.C. § 2255 motion is deemed timely filed when an inmate deposits it in the prison mail system prior to the expiration of the filing deadline. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999).

[3] In *Bruen*, the Supreme Court held unconstitutional a State of New York's penal code provision making it a crime to possess a firearm outside the home without a license, when licensing required applicants to satisfy a "proper cause" for possessing a firearm by "demonstrat[ing] a special need for self-protection distinguishable from that of the general community." 142 S. Ct. at 2123. The Supreme Court determined that all lower courts had erred in applying means-end scrutiny of statutes regulating firearms, finding that statutes regulating conduct protected by the Second Amendment are presumptively unconstitutional unless the government can show that "it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2129-30. Because the State of New York only issued public-carry licenses when an applicant demonstrated a special need for self-defense, the *Bruen* Court found "the State's licensing regime violates the Constitution." *Id.* at 2122.

response was due on October 23, 2023. Movant did not file a response. On October 31, 2023, the Court concluded this action was time barred under 28 U.S.C. § 2255, the government's Motion to Dismiss was granted, and this action was closed. *See* ECF No. 4-5.

### Movant's Response to the Show Cause Order

On December 13, 2023, the Court received Movant's response to the Court's Show Cause Order. ECF No. 7. The stamp on the envelope indicates he mailed his response on October 30, 2023. ECF No. 7-3. Movant explains his late filing should be excused because he originally mailed his response on October 18, 2023, prior to the Court's deadline, but it was returned back to him on October 23, 2023. ECF No. 7-1. He attaches the returned envelope to support his contention. ECF No. 7-2. Within the response, movant argues his untimely motion to vacate should be excused for equitable tolling because he "is actually, factually innocent of committing any act punishable by any law." ECF No. 7 at 6.

### Discussion

Due to the mailing issues movant encountered, the Court has considered and carefully reviewed his response, but will decline to reopen this case. Movant admits this action is time barred pursuant to § 2255(f)(1). *See* ECF No. 1 at 10. He argues, however, that his untimeliness should be excused because he is actually innocent in light of *Bruen* and *Range v. Att'y Gen.,* 69 F.4th 96 (3d. Cir. 2023), which found § 922(g) unconstitutional as applied to certain predicate felony convictions.

In the October 31, 2023 Memorandum and Order dismissing this action, this Court explained why an argument of "actual innocence" would not apply in this matter:

> [F]ollowing *Bruen*, the Eighth Circuit concluded that the felon-in-possession statute was constitutional, and there was "no need for felony-by-felony litigation

3

regarding the constitutionality of § 922(g)(1)." *See United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023), *petition for reh'g and reh'g en banc denied*, No. 22-2870, 2023 WL 5605618 (8th Cir. Aug. 30, 2023); *see also United States v. Voelz*, 66 F.4th 1155, 1164 (8th Cir. 2023). The Court of Appeals found that nothing in the Supreme Court's decision recognizing an individual right to keep and bear arms "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008). Thus, not only is movant's brief untimely under *Bruen*, but the Eighth Circuit has indicated that following *Bruen*, the felon-in-possession statute is constitutional and should be upheld. Despite movant's arguments otherwise, the Third Circuit decision in *Range* has no applicability to the timeliness of movant's motion under 28 U.S.C. § 2255(f).

ECF No. 4 at 3-4.

This Court properly dismissed movant's § 2255 motion for untimeliness. Movant's late Motion to Vacate cannot be excused under the "actual innocence" exception because the statute upon which he was convicted has been ruled constitutional by the Eighth Circuit Court of Appeals. Movant's argument that he was actually innocent is squarely foreclosed by *United States v. Jackson*. Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Accordingly,

**IT IS HEREBY ORDERED** that this matter will remain closed as movant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence has been properly denied and dismissed as time barred pursuant to Rule 4 of the Rules Governing Habeas Corpus Proceedings.

Dated this 22nd day of December, 2023.

                                                                                                    AUDREY G. FLEISSIG
                                                                                                    UNITED STATES DISTRICT JUDGE