UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY ROBINSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-1006-AGF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Before the Court is self-represented litigant Anthony Robinson's motion to reconsider the dismissal of this action. (ECF No. 9). Movant filed his motion to vacate under 28 U.S.C. § 2255 on August 11, 2023. (ECF No. 1). On October 31, 2023, the Court denied and dismissed this action as time barred and for movant's failure to respond to the Court's Order to Show Cause. (ECF Nos. 4 & 5). Having reviewed the motion to reconsider, the Court will deny the motion.

Movant seeks relief under Rule 60(b) of the Federal Rules of Civil Procedure, which provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted). Rule 60(b) is not intended to be a vehicle for presentation of merit-based arguments previously considered by the Court. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

Having reviewed the motion, the Court finds there is no basis for relief under Rule 60(b). Movant's motion fails to point to any mistake, newly discovered evidence, fraud, or other reason justifying reconsideration of the Court's judgment. Rather, the present motion relies on the same arguments set forth in movant's original petition, which the Court addressed in its October 31, 2023 Order. (ECF Nos. 4 & 5). Rule 60(b) is not a vehicle for re-argument on the merits. *Broadway*, 193 F.3d at 990. Movant has not demonstrated the existence of exceptional circumstances that would warrant the extraordinary relief sought. And to the extent movant can be understood to seek relief under Rule 59(e), the motion must be denied because it fails to point out any manifest errors of law or fact, or any newly discovered evidence. *See* Fed. R. Civ. P. 59(e).

Consequently, the Court finds that it has appropriately determined this action is time barred pursuant to § 2255(f)(1), and movant's untimeliness cannot be excused through the application of *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), *Range v. Att'y Gen.,* 69 F.4th 96 (3d. Cir. 2023), or the "actual innocence" exception. Movant is therefore not entitled to reconsideration of the dismissal of his complaint.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion for reconsideration of the dismissal of

this action is **DENIED**. (ECF No. 9).

**IT IS FURTHER ORDERED** that the Clerk shall not accept any additional filings from

movant in this closed action unless they are related to a Notice of Appeal.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.


 Dated this 3rd day of April, 2024.


AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE